12 F.3d 21
 Robin ELLIS; Robert Morrison; Robin Ellis Productions,
Ltd., Plaintiffs,
Jeffrey H. Sado, Intervenor-Plaintiff-Appellant,
v.
Steven M. ISRAEL; One Times Square Management Corp.; Old
Country Management Corp.; Marc Washington; One
Times Square Associates Limited
Partnership, Defendants,
Stuart A. Jackson, Esquire, Appellee.
 No. 297, Docket 93-7381.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 16, 1993.
Decided Dec. 17, 1993.
 
 Jeffrey H. Sado, pro se.
 Stuart A. Jackson, pro se.
 Before: MESKILL, WINTER, and PRATT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jeffrey H. Sado, pro se, appeals from Judge Owen's March 19, 1993 order finding that Sado's discharge of his attorney, appellee Stuart A. Jackson, was without cause, that Jackson's withdrawal was in good faith and for cause, that the $5,000 Sado previously paid Jackson was a non-refundable retainer, and granting Jackson a lien in quantum meruit against any recovery Sado may obtain in the underlying suit, 815 F.Supp. 761. Because we do not have appellate jurisdiction, we dismiss the appeal.
 
 
 2
 The underlying action was filed by plaintiffs Robin Ellis, Robert Morrison, and Robin Ellis Productions, Ltd. as a copyright infringement action concerning ideas for "Countdown 2000," a New Year's Eve Times Square celebration. Claiming that he conceived of and has an interest in the Countdown 2000 proposal, Sado, with the aid of his then counsel Jackson, sought leave to intervene, which was granted.
 
 
 3
 On December 19, 1991, Jackson, citing irreconcilable differences with Sado over how to proceed with Sado's case, moved to withdraw as Sado's counsel. In light of the time he spent and the expenses he incurred on Sado's behalf, Jackson requested a lien on any monies Sado might receive as a result of a settlement or judgment in his favor. Sado, now appearing pro se, requested that the court dismiss Jackson for cause on various grounds, deny Jackson a lien, and order Jackson to reimburse Sado $5,000 he had earlier paid him.
 
 
 4
 Judge Owen allowed Jackson to withdraw as counsel of record. Later, after a hearing, Judge Owen entered another order concluding that Sado's discharge of Jackson was without cause, that Jackson's withdrawal was in good faith and for cause, and that Sado's charges against Jackson were baseless. Judge Owen also concluded that Jackson was entitled to keep the $5,000 as a non-refundable retainer and granted Jackson a lien in quantum meruit against any recovery Sado may obtain in the underlying suit.
 
 
 5
 Under 28 U.S.C. Sec. 1291, we have appellate jurisdiction to hear appeals from "final decisions" of the district courts. A decision is final for purposes of section 1291 when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1092 (2d Cir.1992). The order appealed in this case is not final under section 1291 because litigation of the underlying case is incomplete.
 
 
 6
 A small class of orders that do not meet the literal requirements of section 1291 may still be reviewed under that section pursuant to the collateral order doctrine. In Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949), the Supreme Court held that certain rights are "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." To be appealable as a collateral order, an order must: (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. See Coopers & Lybrand, 437 U.S. at 468, 98 S.Ct. at 2457 (1978); Thomas E. Hoar, Inc. v. Sara Lee Corp., 882 F.2d 682, 685 (2d Cir.1989). The order appealed in this case, while separate from the merits of the underlying action, fails two of these three requirements.
 
 
 7
 First, the order has not conclusively determined the fee dispute. As noted above, Judge Owen's order granted Jackson a lien in quantum meruit against any proceeds Sado may obtain from this suit. A judgment adverse to Sado will thus render this portion of the order moot. Moreover, Judge Owen's order clearly anticipates setting the amount of the lien only if and when Sado prevails or receives an amount in settlement. The precise amount of any lien thus has not yet been fixed. For these reasons, the appealed order has not conclusively determined the disputed question.
 
 
 8
 Second, there is no reason to anticipate that Sado cannot obtain effective review of the order after final judgment has been entered in the matter. For now, the appealed order does nothing more than permit Jackson to retain the $5,000 Sado has already paid him. Sado has not offered us any cogent reason to fear that the $5,000 will not be repaid should he successfully appeal the order after the entry of final judgment. Cf. Hastings v. Maine-Endwell Central Sch. Dist., 676 F.2d 893, 896 (2d Cir.1982).
 
 
 9
 We therefore dismiss the appeal for lack of appellate jurisdiction.