Manoj Kumar PATEL, Individually and as Administrator of the Estate of Mohanbhai Patel, and Dipaben Patel, and Ritaben Patel, as daughters of Mohanbhai Patel, Plaintiffs,

v.

BRITISH AIRWAYS, Defendant.

No. CV–92–4891 ILG.

United States District Court, E.D. New York.

Jan. 14, 1994.

Manoj Kumar Patel, pro se.

Stephen J. Fearon, Condon & Forsyth, New York City, for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiff Manoj Kumar Patel, proceeding *pro se*, moves this court to stay all proceedings pending his appeal to the United States Court of Appeals for the Second Circuit from this court's order dated October 18, 1993 permitting Gerald McMahon to withdraw as plaintiff's counsel and keep the $2,000 retainer fee. In that order, this court had directed as follows:

> Plaintiff shall have 60 days to retain new counsel, who shall file a notice of appearance on or before the expiration of the 60 days; failing which, plaintiff shall be deemed to be proceeding *pro se*.
>
> In the interim, all pre-trial proceedings are stayed until the expiration of 60 days or the filing of a notice of appearance, whichever occurs first.

This court subsequently denied plaintiff's motion for reconsideration by order dated November 16, 1993. Neither McMahon nor British Airways has submitted papers responding to the motion presently before the court, although British Airways indicated at oral argument that it does not oppose the motion.

The filing of a notice of appeal is a jurisdictionally significant event; it generally divests the district court of jurisdiction over those aspects of the case that are involved in the appeal. *New York State Nat'l Org. for*

*Women v. Terry*, 886 F.2d 1339, 1349 (2d Cir.1989) (*citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982)), *cert. denied*, 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990). Therefore, "when the judgment appealed from does not determine the entire action, ... the district court may proceed with those matters not involved in the appeal." *Id.* at 1350; *see also Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966, 972–73 (2d Cir.1975) (district court had jurisdiction to order consolidation of two arbitration proceedings subsequent to filing of notice of appeal from order deciding party had agreed to arbitrate because consolidation issue was "neither raised nor determined" by earlier decision), *cert. denied*, 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976). Because the order appealed from in this case is not determinative of the entire action, this court retains jurisdiction over the other proceedings before it.

■ In addition, the filing of a notice of appeal from an order that is not appealable does not deprive the district court of jurisdiction. *Securities and Exchange Comm'n v. American Bd. of Trade, Inc.*, 829 F.2d 341, 344 (2d Cir.1987), *cert. denied sub nom., Economou v. Securities and Exchange Comm'n*, 486 U.S. 1034, 108 S.Ct. 2018, 100 L.Ed.2d 605 (1988). Recently, in *Ellis v. Israel*, 12 F.3d 21 (2d Cir.1993), the Second Circuit considered whether it had jurisdiction over an appeal from a non-final order of the district court under the collateral order doctrine. To fall within the narrow parameters of the collateral order doctrine, an order must: (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Id.* at 22 (*citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 685 (2d Cir.1989)). The district court in *Ellis* issued an order finding that: (1) appellant's discharge of his attorney was without cause; (2) the attorney's withdrawal was in good faith and for cause; (3) the attorney was entitled to keep the $5,000 appellant previously had paid him

as a non-refundable retainer; and (4) the attorney had a lien in quantum meruit against any eventual recovery appellant might obtain in the underlying suit. Focusing solely on the portion of the district court's order dealing with the fee dispute, the Second Circuit held that the order failed to meet two of the requirements under the collateral order doctrine because the precise amount of the lien had not been fixed, so the order did not conclusively determine the fee dispute; and because appellant would be able to obtain effective review of the order after the entry of final judgment, since there was no reason to believe the $5,000 would not be repaid if the order were successfully appealed after entry of final judgment. The Court of Appeals therefore dismissed the appeal for lack of appellate jurisdiction. *Id.*

■ While this case is distinguishable from *Ellis* in the sense that the October 18 order conclusively determined both the fee dispute and McMahon's motion to withdraw, the order fails to satisfy the requirement that it "be effectively unreviewable on appeal from a final judgment." *Ellis*, 12 F.3d at 22. The Second Circuit considered the appealability of an interlocutory order granting an attorney's motion to withdraw in *Eckles v. Furth*, 557 F.2d 953, 956 (2d Cir.1977), and concluded that such an order was *not* appealable because there was no significant risk that granting the motion would taint the underlying trial, and it was the rare case when a client would not be able to obtain new counsel and avoid seriously disrupting the progress of the litigation. *Cf. Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981) (holding that trial court order denying motion to disqualify counsel in a civil case was not subject to immediate appeal); *Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 440, 105 S.Ct. 2757, 2765, 86 L.Ed.2d 340 (1985) (holding that trial court order granting motion to disqualify counsel in a civil case was not collateral order subject to appeal). Accordingly, the October 18 order is not subject to appeal under the collateral order doctrine.

In sum, because Patel's filing of a notice of appeal from this court's October 18 order did

not divest this court of jurisdiction over matters not involved in the appeal, and because the order is not appealable under the collateral order doctrine, this court is not deprived of jurisdiction, and Patel's motion to stay all proceedings is hereby denied.

SO ORDERED.