**HENRIETTA D., Nidia S., Simone A., Ezzard S., John R., and Pedro R., on behalf of themselves and all others similarly situated, Plaintiffs–Appellees,**

v.

**Rudolph GIULIANI, Mayor of the City of New York, Marva Hammons, Administrator of the New York City Human Resources Administration and Commissioner of the New York City Department of Social Services, and Mary E. Glass, Commissioner of the New York State Department of Social Services, Defendants–Appellants.**

**Docket Nos. 00–9238, 00–9312.**

United States Court of Appeals, Second Circuit.

Argued March 12, 2001.

Decided April 9, 2001.

Susan J. Kohlmann, Pillsbury Winthrop LLP, New York, NY, (Karen B. Dine and David W. Oakland, Pillsbury Winthrop, LLP; Vickie Neilson, HIV Law Project, New York, NY; and Armen H. Merjian and Virginia Shubert, Housing Works, New York, NY, on the brief), for Plaintiffs–Appellees.

Edward F.X. Hart, Assistant Corporation Counsel, Office of the Corporation Counsel of the City of New York, New York, NY, (Michael D. Hess, Corporation Counsel, Leonard Koerner, and Georgia M. Pestana, Assistant Corporation Counsel, on the brief), for Defendants–Appellants Rudolph Giuliani and Marva Hammons.

Vincent Leong, Assistant Attorney General, Office of the Attorney General of the State of New York, New York, NY (Eliot Spitzer, Attorney General, Michael S. Belohlavek, Deputy Solicitor General, and Deon Nossel, Assistant Solicitor General, on the brief), for Defendant–Appellant Mary E. Glass.

Before: JACOBS and SOTOMAYOR, Circuit Judges, and BERTELSMAN, District Judge.*

JACOBS, Circuit Judge:

This appeal presents a threshold question as to whether we have appellate jurisdiction where the district court (i) found that injunctive relief against the defendants was warranted, (ii) directed the Clerk of the Court to close the case, and (iii) entered a "Judgment," but (iv) declined to order the defendants to do anything, leaving the terms of the injunction for a later determination by a magistrate

* The Honorable William O. Bertelsman of the United States District Court for the Eastern District of Kentucky, sitting by designation.

judge. We conclude that we lack jurisdiction, and dismiss the appeal.

## BACKGROUND

This is a class action brought in the United States District Court for the Eastern District of New York (S. Johnson, *J.*) by indigent New York City residents who suffer from AIDS and other HIV-related illnesses. All plaintiffs are clients of the City's Division of AIDS Services and Income Support ("DASIS"), an agency whose sole function is to assist persons with HIV-related diseases in obtaining public assistance benefits and services. Plaintiffs allege that despite the DASIS initiative, New York City and New York State are failing to provide them with adequate access to public benefits. Plaintiffs sought a declaratory judgment and a permanent injunction.

Following a bench trial, Judge Johnson detailed his findings of fact and conclusions of law in a memorandum and order dated September 18, 2000. The district court determined *inter alia* that New York City, through its DASIS program, failed to provide plaintiffs with meaningful access to public assistance benefits and services in violation of Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act of 1973. Specifically, the district court found that the statute creating DASIS and defining its duties contained the reasonable accommodations requested by plaintiffs, and that the City's failure to comply with the DASIS law violated the ADA and the Rehabilitation Act. *See Henrietta D. v. Giuliani,* 119 F.Supp.2d 181, 205–14 (E.D.N.Y.2000). The district court found New York State liable for violating the ADA and § 504 based on its failure to supervise New York City in the provision of public benefits and services. *See id.* at 216–17. The conclusions of law announced the district court's

intention to award plaintiffs with both declaratory and permanent injunctive relief. *See id.* at 204, 214. In the document's final section, entitled "Remedies," the district court "ORDERED, ADJUDGED, AND DECLARED" (1) that the City had violated the ADA, the Rehabilitation Act, as well as other federal and state laws; and (2) that the State had violated the ADA and the Rehabilitation Act. *Id.* at 220–21. The court completed the "Remedies" section as follows:

> IT IS FURTHER ADJUDGED, ORDERED, AND DECREED that
>
> 3. This Court retains full jurisdiction over compliance with this judgment.
>
> 4. This Court shall appoint the Honorable Cheryl L. Pollak, United States Magistrate Judge to will [sic] monitor compliance with the terms of this order for a period of three years from this date. Magistrate Judge Pollak shall have the power to compel compliance with the requirements of this judgment, and to recommend penalties and sanctions in the event of noncompliance.

*Id.* at 221. The final sentence of the memorandum and order directed the Clerk of the Court to close the case. *See id.*

The same day that the memorandum and order was issued, the court entered a "Judgment," which incorporated the declarations of liability and the appointment of Magistrate Judge Pollak, and added that "IT IS ORDERED AND ADJUDGED that Judgment is entered in favor of the plaintiff [sic] and against the defendant [sic]." The defendants immediately appealed.

■ At oral argument before this Court, we raised the issue of our jurisdiction *sua sponte,* as we are obliged to do when it is questionable. *See Petereit v. S.B. Thomas, Inc.,* 63 F.3d 1169, 1175 (2d Cir.1995). In particular, we observed that neither the

memorandum and order nor the "Judgment" described what injunctive relief the plaintiffs were entitled to, or (to say the same thing) articulated what actions defendants were required to do or refrain from doing. The parties explained that they were in the process of negotiating the terms of relief under the supervision of Magistrate Judge Pollak. At that point, we directed the parties to provide us with the most recent draft of those terms, and to brief the question of appellate jurisdiction.

The draft provided by the parties is styled an "Order of Compliance." When finalized, it will be signed by Magistrate Judge Pollak. The order would impose numerous obligations on the City and State. Among other things, it would require the City to "provide Plaintiffs' counsel with a proposed plan and time frame for hiring, training, and deploying sufficient case managers and supervisors to meet the legally-mandated ratios" of caseworkers to DASIS clients described in a New York City law; to "appoint a representative to handle all problems that DASIS clients are experiencing as reported by Plaintiffs' counsel or their representative 'Troubleshooter' "; to permit plaintiffs' counsel "to conduct on-site inspections of DASIS centers to monitor DASIS' compliance with the law"; and to provide plaintiffs' counsel on a monthly basis with vast amounts of data concerning DASIS' operations. The State would be required, among other things, to "appoint a representative to handle problems that DASIS clients are experiencing relating to [administrative] Fair Hearings as reported by Plaintiffs' counsel or their representative 'Troubleshooter' " and to issue 90% of its administrative fair hearing decisions within 60 days of a request for a fair hearing by a DASIS client.

## DISCUSSION

The parties posit two bases for our jurisdiction: 28 U.S.C. § 1291 and § 1292(a)(1).

### I. 28 U.S.C. § 1291

Section 1291 confers on the courts of appeals jurisdiction over "final decisions" of district courts. A decision is "final" for purposes of § 1291 if it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Ellis v. Israel*, 12 F.3d 21, 23 (2d Cir.1993) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

The City and State defendants argue that the district court's decision is final because the court awarded plaintiffs declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. This contention is plainly incorrect. An award of declaratory relief on all claims is a final order in a case in which only declaratory relief is sought, *see id.* § 2201 (a declaratory judgment "shall have the force and effect of a final judgment or decree and shall be reviewable as such"); but a declaration has no such effect when other remedial issues remain unresolved. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). The declaratory judgment in this case did nothing more than determine liability, leaving the measure of prospective relief for another day. Such an order "has been a classic example of non-finality" since "the time of Chief Justice Marshall." [1] *Taylor v. Board of Educ.*, 288

---

1. Because the district court did not make a certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, we have no occasion to address whether the entry of a declaratory judgment on any of plaintiffs' *individual* claims would be appealable under

F.2d 600, 602 (2d Cir.1961) (Friendly, *J.*); *see also* 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3915.2 (2d ed. 1992) ("[A] partial determination [of relief] cannot be elevated to finality simply by characterizing it as a declaratory 'judgment.' ").

█ Although Judge Johnson's memorandum and order characterizes the magistrate judge's role as supervisory only, the draft "Order of Compliance" demonstrates that her first task is to work with the parties to determine what affirmative obligations should be imposed on the defendants. *Cf. Petereit,* 63 F.3d at 1175 (the pendency of "merely *ministerial*" tasks relating to relief is not fatal to finality and consequent appealability) (emphasis added); *Arp Films, Inc. v. Marvel Entertainment Group,* 905 F.2d 687, 689 (2d.Cir.1990) (per curiam) (same); *Taylor,* 288 F.2d at 602 (same). Indeed, without such a further order, it is impossible to see what the magistrate judge would be supervising. Thus, the draft Order contemplates that the magistrate judge will "so order" such relief and only then (as the draft terms reflect) will she have ongoing supervisory responsibilities. *Cf. Kidder, Peabody & Co. v. Maxus Energy Corp.,* 925 F.2d 556, 564–65 (2d Cir.1991) (after jurisdiction shifts to the court of appeals, a district court may issue orders that are "necessary to preserve the status quo pending the appeal") (citing Fed.R.Civ.P. 62(c)).

█ With so much left to be done, the district court's directive to "close the case"

is insufficient to vest this Court with jurisdiction under § 1291. *See Fiataruolo v. United States,* 8 F.3d 930, 937 (2d Cir. 1993) ("Finality is determined on the basis of pragmatic, not needlessly rigid *pro forma,* analysis."). The intent of the district court judge is relevant for purposes of § 1291 when the court's rulings reveal that the action *could be final* and it therefore matters whether the trial judge contemplated further proceedings. *See Ellender v. Schweiker,* 781 F.2d 314, 317 (2d Cir. 1986) (concluding that a decision was "final" after analyzing the rulings in the case as well as the intent of the district court judge). But a district court's assertion of finality cannot deliver appellate jurisdiction to review a decision that is not otherwise "final" for purposes of § 1291. Similarly, in this case nothing turns on the district court's broad pronouncement that "Judgment is entered in favor of the plaintiff[s] and against the defendant[s]." *See Spates v. Manson,* 619 F.2d 204, 209 n. 3 (2d Cir.1980) (Friendly, *J.*) (concluding that the district court's "use of the word 'judgment' " was immaterial to the question whether its decision was final). "Appealability turns on what has been ordered, not on how it has been described." *Id.*

## II. 28 U.S.C. § 1292(a)(1)

█ Section 1292(a)(1), a "narrowly tailored exception" to § 1291's final judgment rule, *Huminski v. Rutland City Police Dep't,* 221 F.3d 357, 359 (2d Cir.2000) (per curiam), allows the appeal of interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions ...."

---

that rule. *See* Fed.R.Civ.P. 54(b) (permitting district courts to enter "a final judgment as to one or more but fewer than all of the claims" in an action, but only "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment"). We note, however, that where a

district court is considering further relief on a claim, "final judgment" on the claim ordinarily may not be entered under Rule 54(b). *See Liberty Mut. Ins. Co.,* 424 U.S. at 742–43 & n. 4, 96 S.Ct. 1202; *Acha v. Beame,* 570 F.2d 57, 62 (2d Cir.1978).

§ 1292(a)(1). Plaintiffs contend that we have jurisdiction because the district court granted them injunctive relief.

■ To qualify as an "injunction" under § 1292(a)(1), a district court order must grant at least part of the ultimate, coercive relief sought by the moving party. *See HBE Leasing Corp. v. Frank*, 48 F.3d 623, 632 & n. 5 (2d Cir.1995) (requiring that the order be "directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint," and reserving the issue of whether the appellant must also demonstrate "serious consequences" to its interests); *Nosik v. Singe*, 40 F.3d 592, 596 (2d Cir.1994) ("[A]n order that 'does not grant part or all of the ultimate relief sought' in an action cannot be appealed under § 1292(a)(1)") (quoting *Ronson Corp. v. Liquifin Aktiengesellschaft*, 508 F.2d 399, 401 (2d Cir.1974)); *Etuk v. Slattery*, 936 F.2d 1433, 1439–40 (2d Cir.1991) (relief must be coercive, not declaratory, to be appealable under § 1292(a)(1)). No order entered by Judge Johnson meets this threshold test.

At oral argument, plaintiffs argued that defendants had been ordered to "meet their obligations" under the ADA and the Rehabilitation Act; but plaintiffs could not direct our attention to such language and we do not see it. In any event, an "obey the law" order entered in a case arising under statutes so general as the ADA and the Rehabilitation Act would not pass muster under Rule 65(d) of the Federal Rules of Civil Procedure, which requires that injunctions be "specific in terms" and "describe in reasonable detail ... the act or acts sought to be restrained." *Id.; see*

*S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir.2001) (" 'Under Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.' ") (quoting *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir.1996)); *cf. Sterling Drug v. Bayer AG*, 14 F.3d 733, 748 (2d Cir.1994) (noting that "an injunction that follows the language of the statute at issue may be appropriate in some cases where the context clarifies the scope of the injunction"). We are not even sure that such an order would provide us with jurisdiction under § 1292(a)(1). *See Original Great Am. Chocolate Chip Cookie Co. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 276 (7th Cir. 1992) (Posner, *J.*) ("The acid test of whether a purported injunction is appealable is whether it is in sufficient though not exact compliance with Rule 65(d) that a violation could be punished by contempt or some other sanction.").

■ Both the "Judgment" and the memorandum and order's "Remedies" section merely declare liability and appoint Magistrate Judge Pollak to "monitor compliance with the terms of this order" and to "compel compliance with the requirements of this judgment." However, the order contains no terms and the judgment contains no requirements. It appears to us that the district judge has chosen to follow a path well-worn by equity judges overseeing complex, institutional litigation: determine liability first, then ask the parties to propose remedial plans to the court.[2] *See, e.g., Spates*, 619 F.2d at 208–09; *Taylor*, 288 F.2d at 601. But whatever the district court has in mind, we lack jurisdiction under § 1292(a)(1) until plain-

---

[2] There is nothing in the record to suggest that defendants have been *ordered* to prepare a remedial plan for submission to the court, but even if that were the case, such an order is not appealable in the absence of other injunctive relief unless the "content of the plan to be submitted has already been substantially prescribed by the district court." *Spates*, 619 F.2d at 209.

tiffs are granted at least part of the ultimate, coercive relief they seek.

Finally, we add a point that should be obvious: the defendants' participation in the formulation of a remedial order "implies no acceptance of the [d]istrict [j]udge's determinations of fact and law and no waiver of a right to appeal— any more than does the action of a losing party in any suit, either at the request of the court or of his own volition, in submitting a form of judgment conforming with findings and conclusions from which he dissents." *Taylor*, 288 F.2d at 604 n. 2.

## CONCLUSION

The appeal is dismissed.