**CORRESPONDENT SERVICES CORPORATION, Interpleader Plaintiff,**

v.

**J.V.W. INVESTMENT LTD., First Equities Corporation of Florida, J.V. Waggoner, and Donal Kelleher, Interpleader Defendants,**

**and**

**Suisse Security Bank and Trust, Ltd., Additional Defendant on Cross–Claims.**

No. 99 Civ. 8934(RWS).

United States District Court, S.D. New York.

Jan. 10, 2005.

James John Mahon, Casey, Mahon & Rooney, LLP, Kenneth Andrew Caruso, Bracewell & Giuliani, LLP, New York City, for defendants.

Andrew E. Tomback, Charles Westland, Scott Edelman, Milbank, Tweed, Hadley & McCloy, New York City, Jonathan W. Wolfe, Skoloff & Wolfe, P.C., Livingston, NJ, for cross defendant.

## MEMORANDUM OPINION and ORDER

SWEET, District Judge.

On February 3, 2004, cross-claim defendant Suisse Security Bank and Trust, Ltd. ("SSBT") moved for an order pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure dismissing Count Three of the amended complaint of interpleader plaintiff Correspondent Services Corporation ("CSC") with prejudice for lack of subject matter jurisdiction, vacating this Court's previous orders of attachment of SSBT's assets, and awarding SSBT damages pursuant to CPLR 6212(e). J.V.W. Investments, Ltd. and J. Virgil Waggoner (collectively, the "Waggoner Parties") opposed SSBT's motion and moved for leave to file a surreply memorandum. In an opinion issued on September 29, 2004, both motions were granted. *See Correspondent Services Corp. v. JVW Investment, Ltd.,* No. 99 Civ. 8934(RWS), 2004 WL 2181087 (S.D.N.Y. Sept.29, 2004) (the "Opinion"). As set forth in the Opinion, this action was "dismissed in its entirety for lack of subject matter jurisdiction," *id.* at *18, although the Court retained jurisdiction to assess the costs and fees awarded to SSBT for the wrongful attachment of its assets. *See id.* at *14–18.

In correspondence dated October 15, 2004, SSBT and the Waggoner Parties separately sought entry of judgment with regard to the Opinion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and in accordance with the terms of a stipulation and order entered on February 25, 2004. On that same date, the Clerk of Court entered judgment pursuant to the Opinion and the Waggoner Parties filed a notice of appeal from that judgment. In a letter dated December 27, 2004, SSBT renewed the application for entry of judgment pursuant to Rule 54(b). For the reasons set forth below and in the accompanying order, the application for entry of judgment pursuant to Rule 54(b) is hereby granted.

### The Rule 54(b) Standard

Rule 54(b) provides in relevant part that: When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b). Thus, to enter judgment pursuant to Rule 54(b),

(1) multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must finally be decided within the

meaning of 28 U.S.C. § 1291, and (3) the district court must make "an express determination that there is no just reason for delay" and expressly direct the clerk to enter judgment.

*Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1091 (2d Cir.1992) (quoting Fed. R.Civ.P. 54(b)) (emphasis in original).

 The first two factors identified in *Ginett* "address the issue of whether rule 54(b) applies at all to the circumstances of the case." *Id.* A claim is deemed finally decided "[i]f the decision 'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim." *Id.* at 1092 (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)) (second alteration in original); *accord Ellis v. Israel,* 12 F.3d 21, 23 (2d Cir.1993).

 Once the application of Rule 54(b) to the circumstances of the case has been established, the question of whether to direct entry of judgment is committed to the sound discretion of the district court, *see Ginett,* 962 F.2d at 1092, although it "must be considered in light of the goal of judicial economy as served by the 'historic federal policy against piecemeal appeals.' " *O'Bert ex rel. Estate of O'Bert v. Vargo,* 331 F.3d 29, 41 (2d Cir.2003) (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)) (internal quotation marks omitted). "[I]t does not suffice for the district court to announce its determination that 'there is no just cause for delay' in conclusory form. Rather, its certification must be accompanied by a reasoned, even if brief, explanation of its conclusion." *Id.; see also Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 629 (2d Cir.1991); *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy,* 891 F.2d 414, 419 (2d Cir.1989).

 In reaching a reasoned conclusion, "[t]he proper guiding star, as the Supreme Court has emphasized, is 'the interest of sound judicial administration.' " *Ginett,* 962 F.2d at 1095 (quoting *Curtiss–Wright,* 446 U.S. at 8, 100 S.Ct. 1460). "[N]ow that the garden variety civil complaint often involves multiple claims and/or multiple parties, we

cannot, as the Supreme Court has recognized, hide behind the old 'infrequent harsh case' chestnut" previously used to limit the application of Rule 54(b). *Id.* With the interest of sound judicial administration as the goal,

> Only those claims "inherently inseparable" from or "inextricably interrelated" to each other are inappropriate for rule 54(b) certification. When the claims are "separable" or "extricable" from each other, there is generally no reason to disturb the district court's exercise of its discretion.

*Ginett,* 962 F.2d at 1096; *see also Hudson River Sloop Clearwater,* 891 F.2d at 418 (concluding that the certification of a judgment on certain claims was proper where the claims "involve a unique factual scenario . . . and raise legal issues wholly distinct from those that remain for trial" and "any subsequent appeals on the remaining claims . . . will involve questions of fact and law entirely distinct" from those at stake in the certified claims).

Although the Court of Appeals for the Second Circuit has cautioned that certification under Rule 54(b) following the filing of a notice of appeal is not "generally sound practice," it has indicated that a Rule 54(b) certification issued shortly after a notice of appeal had been filed "would apparently be honored in this circuit." *Volvo N. Am. Corp. v. Men's Int'l Professional Tennis Council,* 839 F.2d 69, 71 n. 2 (2d Cir.1988); *see also Leonhard v. United States,* 633 F.2d 599, 611 (2d Cir. 1980) ("In the absence of prejudice to the nonappealing party, this Court . . . has declined to dismiss premature notices of appeal where subsequent actions of the district court have imbued the order appealed from with finality.") (collecting cases).

### Discussion

 As set forth in the Opinion and the prior decisions in this matter, this case has enjoyed a tortured history as to jurisdictional matters. In view of the stipulation and order entered on February 25, 2004 setting forth the Court's intention to enter judgment pursuant to Rule 54(b) in the case that SSBT's motion was granted, and in view of the desirability of a determination of the principal and most significant issue in this case—the mat-

ter of this Court's jurisdiction—the application for certification of the judgment pursuant to Rule 54(b) is granted.

The first two factors identified in *Ginett* are satisfied here, as there are multiple claims and parties present in the action, and, insofar as the amount of costs and fees to be awarded SSBT pursuant to the Opinion constitutes an issue remaining for resolution, not all aspects of the case were fully disposed of by the Opinion and subsequent judgment entered. As to the third and final factor of the *Ginett* analysis, there is no just reason for delay here, as a determination on appeal of the crucial issue of the Court's subject matter jurisdiction will serve the interests of justice and of judicial economy by expediting a final resolution to this case.

Accordingly, insofar as the judgment entered on or about October 15, 2004 was not a final judgment, the judgment is hereby certified pursuant to Rule 54(b), Fed.R.Civ.P., in accordance with this opinion and order and the accompanying order, to which the parties named herein have stipulated.

It is so ordered.