17-1507-cv
*Arrowhead Capital Fin., Ltd. v. Seven Arts Entm't, Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand eighteen.

PRESENT:    RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges,*
            DENISE COTE,
                    *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ARROWHEAD CAPITAL FINANCE, LTD.,
            *Plaintiff-Appellee,*

            v.                                              17-1507-cv

SEVEN ARTS ENTERTAINMENT, INC. and SEVEN ARTS
FILMED ENTERTAINMENT LOUISIANA LLC,
            *Defendants-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]      Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLEE:        BARRY L. GOLDIN, ESQ., Allentown,
                               Pennsylvania.

FOR DEFENDANTS-APPELLANTS:      RAYMOND J. MARKOVICH, ESQ., West
                               Hollywood, California.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED.**

Defendants-appellants Seven Arts Entertainment, Inc. ("SAE") and Seven Arts Filmed Entertainment Louisiana LLC ("SAFELA") appeal from a judgment entered May 3, 2017 and an opinion and order entered September 16, 2016. Among other things, the September 16, 2016 opinion granted in part and denied in part the motion of plaintiff appellee Arrowhead Capital Finance, Ltd. ("Arrowhead") for summary judgment, denied defendants' cross-motion for summary judgment, and imposed sanctions on defendants. The district court also entered a May 2, 2017 opinion and order denying Arrowhead's motion to strike SAE's answer, granting Arrowhead's motion to strike SAFELA's answer and for entry of a default judgment against SAFELA, and denying without prejudice Arrowhead's motion for turnover, attachment, and restraint. The May 3, 2017 judgment stated as follows:

> [I]t is . . . **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated May 2, 2017, Plaintiff's motion to strike SAE's answer and to enter default judgment for Plaintiff is denied.

2

> Plaintiff's motion to strike SAFELA's answer and enter default judgment for Plaintiff is granted. Plaintiff's motion for turnover, attachment, and restraint is denied without prejudice.

Sp. App. at 94. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"At oral argument before this Court, we raised the issue of our jurisdiction *sua sponte*, as we are obliged to do when it is questionable." *Henrietta D. v. Giuliani*, 246 F.3d 176, 179 (2d Cir. 2001). The parties thereafter briefed the question of appellate jurisdiction and they appear to agree that the district court did not enter an appealable final judgment.[1] Indeed, the May 3rd "judgment" merely grants Arrowhead's motion for a default judgment as to SAFELA and denies the motion as to SAE; it does not specify what relief is being awarded against SAFELA. Nor does it appear that a separate default judgment was actually entered against SAFELA. *See* Fed. R. Civ. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . ."). While the September 16, 2016 opinion and order granted Arrowhead's motion for summary judgment in part, that is, as to SAE, the district court did not enter a separate or final judgment spelling out the relief that was being awarded against SAE. Arrowhead also acknowledges that the district court's various rulings did not dispose of Causes of Action 3-8 of the First Amended Complaint. *See Henrietta D.*, 246 F.3d at

---

[1] As discussed below, certain claims were not disposed of, and the district court did not issue a certification pursuant to Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b) as to any of its rulings.

3

180 (noting that declaratory judgment determining liability but "leaving the measure of prospective relief for another day" is not a final judgment). Nor does there appear to be a money judgment against defendants that could be enforced, as there is no judgment against SAE or SAFELA with a specified dollar amount. There also appear to be open questions as to the calculation of interest.

At oral argument and in post-argument briefing, Arrowhead has stated that it is abandoning Causes of Action 3-8. Though Arrowhead is right that we can, in our discretion, allow a party on appeal to abandon claims to preserve our jurisdiction, *see Caspary v. La. Land & Expl. Co.*, 725 F.2d 189, 191-92 (2d Cir. 1984), we decline to exercise our discretion to do so, as the record is too unclear to allow for a clear resolution of this appeal.

Accordingly, we **REMAND** to the district court, pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for further proceedings. Once the district court enters an appealable judgment, either party may reinstate the appeal by filing with the Clerk of Court, within 30 days, a letter, attaching a copy of the relevant judgment or supplemental order and requesting that the appeal be reinstated. Any reinstated appeal will be assigned to this panel. The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4