17-2528-cv (L)
*Avaras v. Clarkstown Central School District, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand eighteen.

Present:
        JOHN M. WALKER, JR.,
        GUIDO CALABRESI,
        DEBRA ANN LIVINGSTON,
           *Circuit Judges*,

_____

CONNIE AVARAS, on behalf of A.A.,

                  *Plaintiff — Counter-Defendant — Appellee — Cross-Appellant*,

        v.
                                  17-2528-cv (Lead)
                                  17-2679-cv (XAP)

CLARKSTOWN CENTRAL SCHOOL DISTRICT, BOARD OF EDUCATION, for CLARKSTOWN CENTRAL SCHOOL DISTRICT,

                  *Defendants — Counter-Claimants — Counter-Defendants — Appellants — Cross-Appellees*.[*]

_____

For Plaintiff — Counter-Defendant — Appellee — Cross-Appellant:

                  TAI H. PARK, Park Jensen Bennett LLP, New York, NY.

---

[*] The Clerk of Court is respectfully instructed to amend the caption as set forth above.

1

For Defendants — Counter-Claimants — Counter-Defendants — Appellants — Cross-Appellees:

CAROL A. MELNICK, Jaspan Schlesinger LLP, Garden City, NY.

Appeal from a July 17, 2017 judgment of the United States District Court for the Southern District of New York (Román, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the parties' appeals are **DISMISSED** for lack of jurisdiction.

Plaintiff Connie Avaras ("Avaras"), on behalf of her son, A.A., sued defendants Clarkstown Central School District and the Board of Education for the District (collectively, "Clarkstown") for violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, and 42 U.S.C. § 1983 ("Section 1983"). Both parties appeal from various aspects of the July 17, 2017 judgment of the United States District Court for the Southern District of New York (Román, *J*.). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**Background**

The IDEA limits its grant of federal funding to those states in which "[a]n individualized education program ["IEP"] . . . is developed, reviewed, and revised for each child with a disability," 20 U.S.C. § 1412(a)(4). IEPs are subject to numerous substantive requirements. *See* 20 U.S.C. §§ 1414(d)(1)(A)(i)(I)–(III)). "Where the IEP is substantively deficient, parents may unilaterally reject it in favor of sending their child to private school and seek tuition reimbursement from the State." *T.K. v. New York City Dept. of Educ.*, 810 F.3d 869, 875 (2d Cir. 2016). Under

2

governing Supreme Court precedent (the "*Burlington/Carter* test"), reimbursement is required where: (1) the IEP proposed by the school district was inadequate; (2) the alternative private placement chosen by the parents was appropriate; and (3) equitable considerations favor reimbursement. *See Frank G. v. Board of Educ. of Hyde Park*, 459 F.3d 356, 363–64 (2d Cir. 2006) (citing *Florence Cty. Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7 (1993), and *Sch. Comm. of the Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359 (1985)).

Avaras's son, A.A., is a special needs student who attended Clarkstown schools. Avaras rejected the IEPs that Clarkstown administrators prepared for A.A. for the 2012-2013 and 2013-2014 school years and enrolled her son at the Hawk Meadow Montessori School ("Hawk Meadow"). On September 27, 2013, Avaras demanded a Due Process Hearing on her claim for reimbursement from Clarkstown for costs associated with A.A.'s alternative private placement at Hawk Meadow. After conducting that hearing, Impartial Hearing Officer ("IHO") Wendy K. Brandenburg issued a decision denying Avaras all relief and holding, *inter alia*, that: (1) Clarkstown's IEP for A.A. for the 2012-2013 school year was adequate; and (2) Clarkstown's IEP for A.A. for the 2013-2014 school year was inadequate but (3) Hawk Meadow was not an appropriate alternative placement. On review of the IHO's determination, State Review Officer ("SRO") Justyn P. Bates affirmed the IHO decision in all respects and denied both parties' appeals.

Avaras filed her complaint against Clarkstown in the United States District Court for the Southern District of New York on March 12, 2015. In Avaras's second amended complaint—the operative complaint in this lawsuit—she alleged multiple violations of the IDEA, seeking judicial review of the SRO's decision affirming the IHO's decision denying tuition reimbursement and related expenses. Avaras also alleged that the Defendants' conduct violated Title II of the

ADA, Section 504 of the RA, and Section 1983. Clarkstown filed its answer on January 29, 2016 and moved for summary judgment.

On July 17, 2017, the district court issued its Opinion and Order: (1) granting Clarkstown's motion for summary judgment dismissing Avaras's non-IDEA claims brought under the ADA, the RA, and Section 1983; (2) granting Clarkstown's motion for summary judgment dismissing Avaras's pre-2012 IDEA claims on the grounds that they were time-barred; (3) denying Clarkstown's motion for summary judgment as to the legal sufficiency of the 2012-2013 and 2013-2014 IEPs, holding that those IEPs were inadequate; and (4) holding that Hawk Meadow was an appropriate alternative placement for A.A. The district court then remanded to the IHO "the narrow issue of whether the equities favor reimbursing [Avaras] for the costs associated with A.A.'s private placement at Hawk Meadow" for the 2012-2013 and 2013-2014 school years. Sp. App. 59. The district court concluded its opinion with the following language: "The Clerk of the Court is respectfully requested to terminate the pending motions . . . and to close the case." Sp. App. 59. The district court's judgment was filed on July 17, 2017.

On August 14, 2017, Clarkstown timely appealed from the district court's judgment as to the IDEA claims pertaining to the 2012-2013 and 2013-2014 school years. On August 24, 2017, Avaras timely cross-appealed from the district court's dismissal of the ADA, RA, and Section 1983 claims, as well as from the dismissal of the pre-2012 IDEA claims.

**Discussion**

The jurisdiction of the federal courts of appeals is generally limited to final decisions of the district courts. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts"). "'The finality requirement in § 1291 evinces a legislative judgment that restricting appellate review to final decisions prevents the

4

debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy.'" *Ashmore v. CGI Group, Inc.*, 860 F.3d 80, 84 (2d Cir. 2017) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 471 (1978)). Given this rule and its attendant policy concerns, the Second Circuit has held that a final decision is "one that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102, 109 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted). Accordingly, "a district court's remand to an administrative agency is not ordinarily appealable." *Crocco v. Xerox Corp.*, 137 F.3d 105, 108 (2d Cir. 1998) (citing *Perales v. Sullivan*, 948 F.2d 1348, 1353 (2d Cir. 1991)).

We have recognized these limits to our appellate jurisdiction under similar circumstances to those now before us. In *Mead*, the plaintiff applied for two forms of long-term disability benefits under ERISA: "own occupation" benefits and "any occupation" benefits. 768 F.3d at 104–05. The ERISA plan administrator denied Mead's claim, finding that she was ineligible for "own occupation" benefits. *Id.* at 105. After an initial review and remand, the district court ultimately reversed that ruling but remanded to the plan administrator for further determination of (1) the amount of "own occupation" benefits to which Mead was entitled and (2) whether Mead would be eligible for "any occupation" benefits. *Id.* The district court then directed the clerk of court to "close the case." *Id.* at 106. Notwithstanding that direction, the Second Circuit held that the district court decision was not final because the district court had not conclusively determined Mead's claim. *Id.* at 109–10; *see also id.* at 111 ("Where, as here, the substance of the remand order from which the appeal is taken leaves unresolved issues as to liability and prospective relief, the district court's entry of a separate judgment and its 'directive to close the

case [are] insufficient to vest this Court with jurisdiction under § 1291.'" (quoting *Henrietta D. v. Giuliani*, 246 F.3d 176, 181 (2d Cir. 2001))).

We lack appellate jurisdiction over the district court's judgment below for the same reasons referenced by the court in *Mead*. The judgment below did not conclusively resolve the issue of liability pertaining to Avaras's IDEA claim, nor did it award or deny her any of the relief she sought on that claim. Instead, while the district court reversed the state agencies' determinations on two of the three prongs of the *Burlington*/*Carter* test, it remanded for determination of the third prong: "whether the equities favor reimbursing Plaintiff for the costs associated with A.A.'s private placement at Hawk Meadow for the school years (2012-2013 and 2013-2014) when he was denied a free and appropriate public education by the District." Sp. App. 59. Given the three-pronged structure of the *Burlington/Carter* test, Clarkstown's current appeal to the Second Circuit would be rendered moot if the district court ultimately held that the equities did not favor reimbursement and correspondingly rejected Avaras's claim on that third prong. Accordingly, the district court's judgment below is not "one that conclusively determines the pending claims of all the parties to the litigation," *Mead*, 768 F.3d at 109, and we lack jurisdiction to review it.

The district court's direction to the clerk of court "to terminate the pending motions . . . and to close the case," Sp. App. 59, does not change our analysis. "[F]inality ultimately turns on the *substance* of the district court's order, such that a district court's assertion of finality cannot deliver appellate jurisdiction to review a decision that is not otherwise final for purposes of § 1291." *Mead*, 768 F.3d at 111 (emphasis added) (quoting *Henrietta D.*, 246 F.3d at 181). In *Mead*, the Second Circuit explained that "[t]he district court's directive to 'close the case' . . . does not alter the conclusion that the [decision] is not final" because the substance of the district court's remand order left liability unresolved. *Id.* at 111; *see also Henrietta D.*, 246 F.3d at 181 (2d Cir.

6

2001) ("With so much left to be done, the district court's directive to 'close the case' is insufficient to vest this Court with jurisdiction under § 1291."). Because "[a]ppealability turns on what has been ordered, not how it has been described," *Henrietta D.*, 246 F.3d at 181 (citation and quotations omitted), the district court's direction to close the case does not alter our determination that we lack jurisdiction to consider this appeal.

\* \* \*

For the reasons stated above, we **DISMISS** both parties' appeals of the district court's underlying judgment for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7