21-1359
*Spliethoff Transport B.V. v. Phyto-Charter Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

SPLIETHOFF TRANSPORT B.V.,

> *Petitioner-Appellee,*

v.                                                            No. 21-1359

PHYTO-CHARTER INC.,

> *Respondent-Appellant.*

_____

**FOR RESPONDENT-APPELLANT:**     Stephean C. Chute, Cape Elizabeth, ME.

**FOR PETITIONER-APPELLEE:**     Peter Skoufalos, Brown Gavalas & Fromm LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED** for want of jurisdiction.

Phyto-Charter Inc. ("Phyto-Charter") appeals an order of the district court that compelled arbitration of its dispute with Spliethoff Transport B.V. ("Spliethoff"). The order also directed Phyto-Charter to agree to the arbitrator already appointed by Spliethoff or to appoint a second arbitrator by May 27, 2021, advising that if Phyto-Charter did neither, the court would appoint an arbitrator on Phyto-Charter's behalf. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As in any appeal, we must first examine whether we have jurisdiction. *See Henrietta D. v. Giuliani*, 246 F.3d 176, 178–79 (2d Cir. 2001). In this case, that

2

requires us to determine if the district court's order constitutes a final appealable decision within the meaning of the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 16(a)(3). Because we conclude that the district court's order was not a final decision, we dismiss the appeal for lack of jurisdiction.

The FAA provides that "[a]n appeal may be taken from . . . a final decision with respect to an arbitration that is subject to" the FAA. *Id.* For the purposes of section 16(a)(3), a "final decision" is one "that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000) (citations and quotation marks omitted); *see also Chai v. Comm'r of Internal Revenue*, 851 F.3d 190, 205 (2d Cir. 2017) ("An order is an appealable final decision [under the materially similar 28 U.S.C. § 1291 rules] only when it was 'clearly intended to end a litigation.'") (quoting *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 178 (2d Cir. 2000)). Ordinarily, where the district court "has ordered the parties to proceed to arbitration, and dismissed all the claims before it, that decision is 'final' within the meaning of § 16(a)(3), and therefore appealable." *Green Tree*, 531 U.S. at 89.

Citing that typical rule of finality, Phyto-Charter argues that it has the right to immediate appellate review of the district court's decision compelling

3

arbitration. Here, however, the district court did not just order the parties to proceed to arbitration. It also "defer[red] decision" on Spliethoff's other request that the court appoint an arbitrator. App'x at 111. That the district court deferred its decision on this matter meant that this order was *not* "the last deliberative action of the court" before the arbitrators then "take over the controversy and dispose of it." *Krauss Bros. Lumber Co. v. Louis Bossert & Sons, Inc.*, 62 F.2d 1004, 1005 (2d Cir. 1933) (L. Hand, *J.*). In other words, the district court did not "clearly intend[] to end [the] litigation" because it envisioned an additional action it might take in the case. *SongByrd*, 206 F.3d at 178; *see also Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408 (2015) ("A 'final decision' [under 28 U.S.C. § 1291] is one 'by which a district court disassociates itself from a case.'") (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)).

Phyto-Charter points us to *Farr & Co. v. Cia. Intercontinental De Navegacion De Cuba, S. A.*, in which we held that an order directing a party to appoint its arbitrator within fifteen days and proceed to arbitration within thirty days was a final and thus appealable order. 243 F.2d 342, 344–46 (2d Cir. 1957). But that case is distinguishable from this one. In *Farr*, the district court directed *the parties* to appoint an arbitrator, reserving no further action for itself. *See id.* at 344. By

4

contrast, in this case the district court announced that it would appoint an arbitrator itself should Phyto-Charter fail to accept Spliethoff's arbitrator or appoint its own. The order left "more for the court to do" and therefore cannot be considered final. *Green Tree*, 531 U.S. at 86 (citation omitted).

We have considered all of Phyto-Charter's remaining arguments in support of our jurisdiction and have found them to be without merit. For the foregoing reasons, we **DISMISS** the appeal for want of jurisdiction. For reasons of judicial efficiency, any further appeal in this case shall be referred to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5