Dona J. JACKSON, Plaintiff–Appellant,

v.

NEW YORK State, New York State Police, Troop E, James W. McMahon, Donald Swain, Steve Williams, George Delnagro, William Bolling, Frank D'Aurizio, Trooper Hand, Trooper Applebacher, Dennis Freeman, Allen Bobo, William Dertinger, L.A. Bosworth, Steven R. Mowers, Trooper Michel, Trooper White, S.C. Reinard, R.W. Weston, John Does, Jane Does, James A. Fitzgerald, Francis Defrancesco, Joseph Loszynski, Mahoney, David L. Christler, Peter Lawrence, Mark Fischer, Hoffman, Middleton, James R. Faber, Mark Lincoln, William E. Schusler, Vasquez, Dominic, Pettine, Michael J. Cerreto, Francis S. Coots, Gould, Thaddeus Wiggins, Michael W. Burdette, Robert F. Klinkman, Mark Suszka, David Martek, Bruce Applebee, Eric Donselaar, Misso, and Ebmeyer, Defendants–Appellees.*

No. 07–0753–cv.

United States Court of Appeals, Second Circuit.

July 24, 2008.

* We direct the Clerk of Court to amend the official caption as noted.

Dona J. Jackson, pro se, Port Byron, N.Y. (on submission), for Plaintiff–Appellant.

Kate H. Nepveu, Assistant Solicitor General, for Andrew M. Cuomo, Attorney General, Barbara D. Underwood, Solicitor General, and Andrea Oser, Deputy Solicitor General, Albany, N.Y. (on submission), for Defendants–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER Circuit Judges, Hon. RICHARD W. GOLDBERG, Judge.**

In May 2003, Plaintiff–Appellant Dona J. Jackson filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of New York alleging deprivation of her civil rights by various individuals and entities, including past and current New York State Police Officers. Her suit was thereafter transferred to the United States District Court for the Western District of New York. Jackson filed a "combined motion" before that court. The District Court denied the motion, and Jackson now appeals pro se from this denial. We assume the

parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

To date, the District Court has not entered a final judgment in Jackson's case. Jackson nonetheless appeals from the District Court's interlocutory order (1) dismissing Jackson's RICO and conspiracy claims, (2) denying Jackson's motion for the recusal or disqualification of the magistrate judge, (3) denying Jackson's motion for a default judgment, (4) denying Jackson's motion challenging the District Court's transfer order, (5) denying Jackson's motions for the impanelment of a federal grand jury, investigation of matters asserted in her complaint by a federal grand jury, and the appointment of the special prosecutor, and, finally, (6) denying Jackson's motion to enjoin the Office of the Attorney General, including his staff, from representing the defendants in this case.

Under 28 U.S.C. § 1291, the courts of appeals "have jurisdiction of appeals from all final decisions of the district courts of the United States … except where a direct review may be had in the Supreme Court." Generally, a final decision is a "decision by the [d]istrict [c]ourt that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (internal quotation marks omitted). In addition, this Court may hear appeals of interlocutory orders certified by the district court, 28 U.S.C. § 1292(b), subject to the collateral order doctrine, *see Shelter Realty Corp. v. Allied Maintenance Corp.*, 574 F.2d 656, 659 (2d Cir.1978), or pertaining to injunctions that affect the substance of the plaintiff's basic claim, *see* 28 U.S.C. § 1292(a)(1); *Int'l*

** The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

*Prods. Corp. v. Koons,* 325 F.2d 403, 406 (2d Cir.1963). Where these exceptions do not apply, we are without jurisdiction to review non-final decisions of a district court.

With one exception, the District Court's order as to Jackson's "combined motion" did not "end [ ] the litigation on the merits," *Coopers & Lybrand,* 437 U.S. at 467, 98 S.Ct. 2454, and so we are without jurisdiction to consider these claims on appeal. We therefore dismiss the appeal as it pertains to those claims.

■ We may assert jurisdiction to hear Jackson's appeal from the denial of her motion to enjoin the Office of the Attorney General from representing the defendants in this case, insofar as this motion is construed as a request for a preliminary or permanent injunction against the defendants for conduct related to that which Jackson seeks to enjoin in her complaint. 28 U.S.C. § 1292(a)(1). We may not, however, consider Jackson's other claims as pendant to this appealable order, as those claims are not "inextricably intertwined" such that an exercise of such jurisdiction is appropriate. *See Swint v. Chambers County Comm'n,* 514 U.S. 35, 51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995).

■ We review the grant or denial of a preliminary injunction for abuse of discretion. *See Forest City Daly Housing, Inc. v. Town of North Hempstead,* 175 F.3d 144, 149 (2d Cir.1999). We are satisfied that the District Court did not abuse its discretion in denying Jackson's request for injunctive relief. We therefore affirm the judgment of the District Court as it pertains to this request.

We have considered all of Appellant's claims and find them to be unavailing. Accordingly, we AFFIRM the District Court's judgment denying Jackson's motion for injunctive relief, and we DISMISS

for lack of jurisdiction Jackson's remaining claims.