Encarnacion v. Goord

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of September, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                      *Circuit Judges*.
             VALERIE CAPRONI,[1]
                      *District Judge*.

_____

BERNABE ENCARNACION,

                      *Appellant,*

             -v-                                          12-3953-pr

DAVID ROCK, SUPERINTENDENT, GREAT MEADOW
CORRECTIONAL FACILITY, DONALD SELSKY,
DIRECTOR, SPECIAL HOUSING UNIT, GLENN GOORD,
COMMISSIONER, DEPARTMENT OF CORRECTIONAL
SERVICE, MICHAEL P. MCGINNIS, SUPERINTENDENT[2],
SULLIVAN CORRECTIONAL FACILITY,

                      *Appellees.*

_____

Appearing for Appellant:     Bernabe Encarnacion, Attica, N.Y.

_____

[1] The Honorable Valerie Caproni, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **DISMISSED**.

Bernabe Encarnacion appeals from the August 27, 2012 decision and order of the United States District Court for the Western District of New York (Larimer, *J.*) sua sponte dismissing his action seeking relief under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We lack jurisdiction over Encarnacion's appeal because it is taken from a nonfinal order. With several exceptions not applicable here, a district court order is appealable only if the district court enters a final order. 28 U.S.C. § 1291. A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotation marks omitted). We lack jurisdiction over an appeal where, as here, the district court enters final judgment despite overlooking claims contained in the complaint. *See United States ex rel. Polansky v. Pfizer, Inc.*, 2014 WL 3844149 (2d Cir. Aug. 6, 2014).

The district court decision and order is silent as to Encarnacion's allegations that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. There is no apparent explanation for the district's court's silence, and its ruling on Encarnacion's double jeopardy claim is unrelated to his Eighth Amendment claim. If the district court intended to dismiss the Eighth Amendment claims as well, then it may clarify its reasons for dismissal, and re-enter final judgment. Otherwise, the Eighth Amendment claim will likely proceed to final adjudication. Either of those scenarios would establish a jurisdictional basis for a subsequent appeal.

Accordingly, we DISMISS the appeal for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2