14-1128-cv
Ustad v. Int'l Bhd. of Teamsters, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of June, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             CHRISTOPHER F. DRONEY,
                     *Circuit Judges*.

_____

OLA USTAD,

                     *Plaintiff-Appellant*,

             v.                                          No. 14-1128-cv

INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
LOCAL 747, INTERNATIONAL BROTHERHOOD OF
TEAMSTERS,

                     *Defendants-Appellees*,

NORTH AMERICAN AIRLINES, GLOBAL
AVIATION HOLDINGS, INC.,

                     *Defendants.*[1]

_____

Appearing for Appellant:          ROBERT L. HERBST, Herbst Law PLLC, New York, N.Y.

---

[1] The Clerk of the Court is directed to amend the case caption as above.

Appearing for Appellees:        EDWARD M. GLEASON, JR., Law Office of Edward Gleason, PLLC (Franklin K. Moss, Spivak Lipton LLP, New York, N.Y., *on the brief*), Washington, D.C.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Ola Ustad appeals from the March 31, 2014 order of the United States District Court for the Eastern District of New York (Block, *J.*) granting summary judgment in favor of Defendants-Appellees the International Brotherhood of Teamsters and the International Brotherhood of Teamsters, Local 747 (collectively, the "Union") on Ustad's duty of fair representation claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As an initial matter, we conclude that the present appeal is taken from a final appealable order. *See* 28 U.S.C. §1291. "To test for finality, reviewing courts employ a practical rather than a technical analysis." *United States ex rel. Polansky v. Pfizer, Inc.*, 762 F.3d 160, 163 (2d Cir. 2014) (internal quotation marks omitted). Here, although the district court's order dismissing Ustad's complaint only explicitly adjudicated his claims against the Union and remained silent as to his claims against Defendants North American Airlines and Global Aviation Holdings, Inc. (collectively the "Airline"), we nevertheless find appellate jurisdiction. The district court's dismissal of Ustad's claims against the Union precluded, as a matter of law, his claims against the Airline. *See Young v. U.S. Postal Serv.*, 907 F.2d 305, 307 (2d Cir. 1990) (noting that in a hybrid duty of fair representation claim against an employer, "the [u]nion's breach [of the duty of fair representation] is a prerequisite to consideration of the merits of [a] plaintiff's claim against her former employer for improper discharge"). Thus, there is a "ready, plausible explanation here for the district court's silence" as to the claims against the Airline. *Polansky*, 762 F.3d at 164. The district court's failure to explicitly dismiss the claims against the Airline was akin to "overlook[ing] a ministerial duty," and such an omission "is not fatal to finality and consequent appealability." *Id.* at 163 (internal quotation marks omitted).

Turning to the merits, Ustad argues on appeal that the Union breached its duty of fair representation by (1) failing to appropriately advise him in the aftermath of the flight incident that led to his dismissal, and (2) providing inadequate legal representation during the subsequent arbitration proceedings. We affirm the district court's grant of summary judgment on both issues.

In order to show that a union has breached its duty of fair representation, a plaintiff must show: (1) conduct by the union toward a member that it is "arbitrary, discriminatory, or in bad faith," *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998), and (2) a "causal connection between the union's wrongful conduct and [plaintiff's] injuries," *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (internal citation omitted). In addition, "[a] union's acts are

2

discriminatory when substantial evidence indicates that it engaged in discrimination that was intentional, severe, and unrelated to legitimate union objectives." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (internal quotation marks omitted). Finally, a finding that a union acted in "bad faith requires a showing of fraudulent, deceitful, or dishonest action." *White v. White Rose Food*, 237 F.3d 174, 179 (2d Cir. 2001) (internal quotation marks and alterations omitted).

We first reject Ustad's claim that his Union-appointed attorney, Patrick Flynn, provided such inadequate representation during Ustad's post-termination arbitration proceedings as to render his conduct arbitrary, and thus a breach of the duty of fair representation. Primarily, Ustad argues that Flynn failed to adequately investigate the AFIRS flight-tracking data, which Ustad contends could have exonerated him of wrongdoing. We disagree. The record reveals that, based on his examination of the contents of the AFIRS data, Flynn made a considered, tactical decision to attempt to exclude the data and discredit Ustad's first officer as disoriented during the flight. While this treatment of the AFIRS data may have ultimately been a tactical error, or even negligence, such "errors are insufficient to show a breach of the duty of fair representation." *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43 (2d Cir. 1989).

Ustad's other criticisms of Flynn's representation are similarly insufficient to show a breach of the duty of fair representation. Ustad's argument that Flynn spent inadequate time and effort preparing for the arbitration is belied by his and his wife's repeated statements of satisfaction with Flynn's representation during and after the arbitration. Moreover, the record establishes that Flynn spoke to former Union President and General Counsel Gene Solow about Ustad's case, reviewed Solow's file from the earlier stages of the grievance proceedings, reviewed the AFIRS data, reviewed an FAA report discussing the AFIRS data, discussed the data with experienced pilot John Herron, reviewed Thompson's ASAP report, spoke to Thompson, spoke to Ustad, and prepared for the arbitration hearing with Ustad, Herron, and Union representative Duncan Parsons. Similarly unpersuasive is Ustad's contention that Flynn's representation was arbitrary because he failed to make the "simple winning argument" that Thompson's ASAP report also insulated Ustad from any company discipline. Ustad has failed to proffer evidence from which a reasonable jury could conclude that Flynn's failure to make this argument rises above negligence or tactical error and constitutes arbitrary or bad faith conduct.

We also reject Ustad's claim that the Union breached its duty of fair representation by failing to promptly advise him to file an ASAP report in the aftermath of the flight at issue, and thereby potentially earn disciplinary immunity. To the extent Union officials violated Union procedures in failing to advise Ustad of his first officer's ASAP report as well as his own opportunity to file an ASAP report, Ustad has provided insufficient evidence to show that this failure crosses from negligence to being "so far outside [the] wide range of reasonableness as to be irrational." *Airline Pilots Ass'n, Int'l*, 499 U.S. at 67 (internal quotation marks and citation omitted). Ustad has similarly provided insufficient evidence from which a reasonable jury could conclude that the Union officials' actions were discriminatory or taken in bad faith.

Moreover, Ustad's failure-to-advise argument also fails for lack of a "causal connection between the union's wrongful conduct and [Ustad's] injuries." *Spellacy*, 156 F.3d at 126. As the district court concluded, because the arbitrator ultimately found that Ustad acted intentionally, and ASAP reporting provides no disciplinary immunity for intentional wrongdoing, any failure

3

to advise Ustad to file an ASAP report is irrelevant. Ustad has failed to overcome this finding of intentionality by demonstrating that the outcome of the arbitration proceedings would have been different had he been advised by the Union to file an ASAP report. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567 (1976) ("[I]f it seriously undermines the integrity of the arbitral process the union's breach also removes the bar of the finality provisions of the contract."). While Ustad notes that the Event Review Committee had previously accepted every ASAP report filed under the program, he provides no evidence that these other pilots had been accused of intentional wrongdoing or that any such intentional conduct was ultimately insulated from discipline. Thus, we conclude that Ustad's duty of fair representation claim also fails on causation grounds.

We have considered the remainder of Ustad's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4