14-3943-cv
Prince v. Ethiopian Airlines

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand sixteen.

PRESENT:  ROBERT D. SACK,
            REENA RAGGI,
            CHRISTOPHER F. DRONEY,
               *Circuit Judges.*

-----------------------------------------------------------------------

LESLIE F. PRINCE,
               *Plaintiff-Appellant*,

PRINCE SERVICES INTERNATIONAL INC., (DBA) PSI CONSULTANTS INC.,
               *Plaintiff*,

           v.                                 No. 14-3943-cv

ETHIOPIAN AIRLINES, GIRMA WAKE,
               *Defendants-Appellees*,

THE GOVERNMENT OF THE PEOPLE'S REPUBLIC OF CHINA, INSTITUTE OF ARCHITECTURE, DESIGN AND RESEARCH, ADCAS, GESHAN CONSTRUCTION GROUP CO. LTD, GUNGSHA INTERNATIONAL CONSTRUCTION COMPANY, YEFENG CONSTRUCTION PRIVATE LIMITED CO.,

1

YIFEI HE, GANG XIAO, YIMING HE, WANG WEI,
BDMA ENGINEERING PLC, BALEHAGER AYALEW,
          *Defendants.*[*]

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:         LESLIE F. PRINCE, *pro se*, Newark, New Jersey.

FOR APPELLEES:         Michael R. Atadika, Atadika & Atadika, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED for lack of appellate jurisdiction.

Plaintiff Leslie F. Prince appeals pro se from the district court's October 2, 2014 order denying reconsideration of its March 31, 2014 (1) dismissal of Prince's breach of contract claims against defendants Ethiopian Airlines ("EA") and EA's chief executive officer, Girma Wake; and (2) denial of Prince's motion for entry of default against defendant People's Republic of China ("PRC"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In general, this court lacks jurisdiction to hear an appeal unless the decision appealed is, or is embodied in, an order or judgment that is "final" within the meaning of 28 U.S.C. § 1291. See Citizens Accord, Inc. v. Town of Rochester, 235 F.3d 126, 128 (2d Cir. 2000). "An order that adjudicates fewer than all of the claims remaining in the action, or adjudicates the rights and liabilities of fewer than all of the remaining parties, is not a

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

2

final order unless the court directs the entry of a final judgment as to the dismissed claims or parties 'upon an express determination that there is no just reason for delay.'" Id. (quoting Fed. R. Civ. P. 54(b)); accord Mead v. Reliastar Life Ins. Co., 768 F.3d 102, 109 (2d Cir. 2014).

Insofar as the district court's March 31, 2014 opinion ordered dismissal of Prince's claims against EA and Wake, and declined to enter default judgment against the PRC, see Prince v. Gov't of the People's Republic of China ("Prince v. PRC"), No. 13 Civ. 02106, 2014 WL 1303417 (S.D.N.Y. Mar. 31, 2014), it did not adjudicate all remaining claims because denial of a default judgment is not a final order. See Jackson v. New York, 289 F. App'x 434, 435–36 (2d Cir. 2008) (summary order) (holding that order denying default judgment did not end litigation on merits); Bird v. Reese, 875 F.2d 256, 256 (9th Cir. 1989) (stating that denial of default judgment is not "final appealable order"); Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987) (same); Adult Film Ass'n of Am., Inc. v. Thetford, 776 F.2d 113, 115 (5th Cir. 1985) (same); 15A Charles Alan Wright et al., Federal Practice & Procedure: Jurisdiction § 3914.5, Westlaw (database updated Apr. 2015) ("Refusal to enter a default simply sets the stage for continued trial court proceedings and plainly is not final."). Nor did the district court direct entry of judgment pursuant to Rule 54(b) as to the dismissed claims. Thus, its March 31 opinion was not a "final decision" within the meaning of § 1291.[1]

---

[1] The March 31 opinion also was not certified for immediate appeal, cf. 28 U.S.C. § 1292(b), nor does it implicate the collateral order doctrine, cf., e.g., United States v.

3

Because the March 31 opinion was not a "final decision," neither was the October 2, 2014 order denying reconsideration of that decision.  See Petrello v. White, 533 F.3d 110, 116 (2d Cir. 2008) (citing Blanco v. United States, 775 F.2d 53, 56 (2d Cir. 1985) ("If the [original] order was not final and appealable, orders refusing to reconsider it likewise could not have been.")).  Accordingly, we lack jurisdiction to adjudicate Prince's appeal from the October 2, 2014 order.

No different conclusion is warranted by the district court's April 1, 2015 order purporting to close the case because it "ha[d] already dismissed the complaint and no motions remain[ed] pending."  Order at 3, Prince v. PRC, No. 13 Civ. 02106 (S.D.N.Y. Apr. 1, 2015), ECF No. 48.  While subsequent entry of a final judgment may cure a premature notice of appeal if the judgment is entered before the appeal is heard and the appellee suffers no prejudice, see, e.g., Zeno v. Pine Plains Cent. Sch. Dist., 702 F.3d 655, 663 n.6 (2d Cir. 2012) (citing Fed. R. App. P. 4(a)(2)), this rule does not apply where the order purportedly directing (or effecting) entry of such a judgment does not in fact reflect a "final decision" adjudicating the rights and liabilities of all the parties.  See United States ex rel. Polansky v. Pfizer, Inc., 762 F.3d 160, 164 (2d Cir. 2014) ("That formulation . . . cannot cloak what is in practice a partial judgment."); see also id. at 163 (noting that test for finality employs "a 'practical rather than a technical' analysis" (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949))).  Thus, in a prior case where a district court issued an ostensibly final order that dismissed certain claims without

Barton, 712 F.3d 111, 116 (2d Cir. 2013).

4

mentioning others outstanding, and the circumstances rendered it "most plausible" that the district judge intended to dismiss only the specified claims, we construed the order as a partial judgment and not a final order under § 1291. Id. at 163; cf. Cox v. United States, 783 F.3d 145, 148–49 (2d Cir. 2015) (reasoning that our decision in Polansky was based on "irreconcilable inconsistency" between district court's explicit refusal to dismiss outstanding claims and its purported dismissal of entire case).

That is the case here. While the district court acknowledged that all defendants had been served with process, see Prince v. PRC, 2014 WL 1303417, at *2, its March 31 opinion made no mention of Prince's claims against Yefeng Construction and its employee, Yiming He; BMDA Engineering and its employee, Balehager Ayalew; or individual defendant Gang Xiao.[2] To the extent the district court understood its denial of Prince's motion for default against the PRC—and, by implication, the two companies Prince claimed the PRC controlled: the Institute of Architecture Design & Research, Chinese Academy of Science ("ADCAS") and its employee, Wang Wei; and Geshan Construction Group and its employee, Yifei He—to effect complete adjudication of his claims against the unmentioned defendants (ostensibly because they were alleged parties to the same agreement), we have already explained why that fails to effect a final order. See Mead v. Reliastar Life Ins. Co., 768 F.3d at 109 (stating that "district court's intent is relevant for purposes of § 1291 only when the court's rulings reveal that the action could

[2] The district court did note that defendant Gungsha International Construction Company was not listed as party to the relevant agreement Prince had attached to his complaint. See id. at *2 n.2.

5

be final" (emphasis in original) (alteration and internal quotation marks omitted)). Accordingly, the most plausible reading of the district court's April 1, 2015 order is that it either (a) inadvertently overlooked Prince's outstanding claims against unmentioned defendants, or (b) overstated the finality effect of its March 31, 2014 denial of default to Prince. In any event, what remained to be done was no mere "ministerial duty" but, rather, the case remained "open, unfinished, or inconclusive" with respect to all of Prince's claims that had not been dismissed, i.e., all claims not against EA and Wake. United States ex rel. Polansky v. Pfizer, Inc., 762 F.3d at 163 (internal quotation marks omitted).

We, therefore, DISMISS the appeal for lack of jurisdiction in the absence of entry of a "final" judgment as required by 28 U.S.C. § 1291. We express no view as to whether, on remand, the district court might certify the dismissed claims against EA and Wake for appeal under Rule 54(b), or otherwise clarify the basis for its total dismissal and, upon notice, clearly enter a final judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6