*Imig, Inc. v. Steel City Vacuum Co.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand twenty-three.

PRESENT:
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges,*
> LEWIS J. LIMAN,
> > *District Judge.*\*

———————————————————————

IMIG, INC., NATIONWIDE SALES AND
SERVICES INC., GUMWANT INC., PERFECT
PRODUCTS SERVICE & SUPPLY INC.,

> *Plaintiffs-Appellants,*

v.                                                                    No. 22-125

STEEL CITY VACUUM COMPANY,

> *Respondent-Appellee,*

———————————————

\* Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

XU SHIHUI, OMI ELECTRIC APPLIANCE
COMPANY CO., LTD., BEIJING CHINA BASE
STARTRADE CO., LTD.,

*Defendants*.

_____

| | |
|---|---|
| **For Plaintiffs-Appellants:** | LAURA JEAN SCILEPPI (William Dunnegan, *on the brief*), Dunnegan & Scileppi LLC, New York, NY. |
| **For Respondent-Appellee:** | Brian A. Sutherland, Reed Smith LLP, New York, NY. |

Appeal from orders of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED.**

Imig, Inc., Nationwide Sales and Services Inc., GUMWANT INC., and Perfect Products Service & Supply Inc. (collectively, "Nationwide") appeal from what they refer to as "final orders of the district court, entered January 11, 2022 and January 18, 2022." Nationwide Br. at 1. Because those orders are not in fact final within the meaning of 28 U.S.C. § 1291, we dismiss Nationwide's appeal for lack of jurisdiction. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2016, Nationwide, which is in the business of selling vacuum cleaners and parts, filed this suit in the Eastern District of New York against Xu Shihui and his companies Omi Electric Appliance Company Co., Ltd. ("Omi") and Beijing China Base Startrade Co., Ltd. Parallel to that litigation, two of the Nationwide entities also filed suit in the Eastern District against Steel City Vacuum Company ("Steel City") for its importation and sale of vacuum products allegedly procured from Shihui and his companies. In 2018, the district court granted summary judgment in favor of Steel City in the latter action, in part because the undisputed evidence showed that Steel City had in fact acquired the products in question from Nationwide.[1] Shortly thereafter, in the other litigation against Shihui and his companies, the district court dismissed the majority of Nationwide's complaint, permitting only a breach-of-contract claim against Omi to go forward, with the caveat that Nationwide was collaterally estopped from relitigating any alleged sales to Steel City.

---

[1] Because the action against Steel City included a claim for patent infringement, Nationwide appealed to the United States Court of Appeals for the Federal Circuit, which summarily affirmed.

In November 2019, as part of its litigation against Omi, Nationwide served third-party subpoenas on Steel City pursuant to Rule 45 of the Federal Rules of Civil Procedure. While the subpoenas listed the issuing court as the Eastern District of New York, the subpoenas requested compliance in Pittsburgh, Pennsylvania, presumably because Nationwide understood Rule 45(c) to require the place of compliance to be within 100 miles of where Steel City resided and/or regularly transacted business. Steel City objected on numerous grounds, including that the discovery sought was irrelevant in light of the district court's collateral-estoppel order and unduly burdensome because Nationwide had made no effort to obtain the documents and information from party Omi. Pursuant to Rule 45(d)(2)(B)(i), Nationwide then filed a motion to compel in the Western District of Pennsylvania. That same day, pursuant to Rule 45(f), the Western District of Pennsylvania (Nora B. Fischer, *Judge*) transferred the motion to the Eastern District of New York.

Back in the Eastern District of New York, Nationwide's motion was docketed as its own ancillary proceeding. Steel City opposed Nationwide's motion to compel, asserting multiple reasons why the motion should be denied. After the briefing was complete, the motion sat for over two years before the

4

district court docketed a minute entry ordering that the ancillary action be closed, without any further explanation. *See* Dist. Ct. Min. Order (Jan. 11, 2022). In response, Nationwide filed a motion requesting that the district court (1) vacate the order closing the ancillary action given that the motion to compel was still outstanding, and (2) transfer the action to the magistrate judge assigned the underlying Omi litigation. Days later, the district court summarily denied that motion. *See* Dist. Ct. Min. Order (Jan. 18, 2022).[2]

Despite the fact that the underlying Omi litigation is still ongoing, Nationwide now appeals from the district court's January 11, 2022 and January 18, 2022 orders. Because these orders are not yet final within the meaning of 28 U.S.C. § 1291, or otherwise subject to the collateral-order doctrine, we lack jurisdiction to hear this appeal and must dismiss it.[3]

This Court has appellate jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. "A decision . . . is final if it ends the litigation on the

---

[2] After the transfer from the Western District of Pennsylvania, the ancillary action was assigned to then-Magistrate Judge Brown, who was also assigned to the underlying Omi litigation. Upon becoming a district judge, Judge Brown retained the ancillary action, but the underlying Omi litigation was reassigned to a magistrate judge.

[3] In contrast to the Steel City litigation, *see supra* note 1, the Omi litigation never included a claim for patent infringement. Consequently, an appeal from a *final* decision in that action would be properly filed in this Court, *see* 28 U.S.C. § 1294, rather than the Federal Circuit.

merits and leaves nothing for the court to do but execute the judgment." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 449 (2d Cir. 2013) (internal quotation marks omitted). Additionally, under the collateral-order doctrine, we have jurisdiction to review an order that "(1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment." *United States v. Bescond*, 24 F.4th 759, 766 (2d Cir. 2021) (internal quotation marks and alterations omitted).

Applying these principles, we have recognized that while orders denying a motion to compel compliance with a third-party subpoena *are* immediately appealable when issued by a district court *in a different circuit* than the district court that issued the subpoena as part of the underlying proceedings, such orders *are not* immediately appealable when issued by a district court *in the same circuit*. *See Barrick Grp., Inc. v. Mosse*, 849 F.2d 70, 73 (2d Cir. 1988); *see also Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 574 n.5 (2d Cir. 2005); *Am. Plan Adm'rs v. S. Broward Hosp. Dist.*, 39 F.4th 59, 61 (2d Cir. 2022). This is because when the two district courts are in the same circuit, the "circuit court can consider any appeal on discovery issues at the same time as the appeal from the judgment in the

6

underlying action." *Barrick*, 849 F.2d at 73. In other words, when the two district courts are in the same circuit, we consider the two actions "in the aggregate" – "analogous to the ordinary case in which the same district court conducts discovery and considers the merits" – and thus do not consider the denial of a motion to compel discovery to be final and appealable until the underlying action reaches final judgment. *McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 335 (4th Cir. 2001) (characterizing *Barrick*).

Here, the district court – albeit without explanation – effectively denied Nationwide's motion to compel Steel City's compliance with the Rule 45 subpoenas in its January 11, 2022 order, and then refused to reconsider that denial in its January 18, 2022 order. *See Henrietta D. v. Giuliani*, 246 F.3d 176, 181 (2d Cir. 2001) ("Appealability turns on what has been ordered, not how it has been described." (citation omitted)). Under these circumstances – where the district court closed the ancillary action and then refused to vacate that closure upon being reminded that it had not technically ruled on Nationwide's motion to compel – it seems "most plausible" that the district court intended to deny the motion. *United States ex rel. Polansky v. Pfizer, Inc.*, 762 F.3d 160, 163–64 (2d Cir. 2014); *see also Cox v. United States*, 783 F.3d 145, 148–49 (2d Cir. 2015). Therefore, the Eastern

7

District of New York's orders denying Nationwide's motion to compel compliance with the Eastern District of New York's subpoenas, and then denying reconsideration of that motion, are not reviewable until the underlying Omi litigation reaches final judgment. *See P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 456–57 (7th Cir. 2017) (applying the *Barrick* rule to a case where the *same* district court presided over the ancillary and underlying action); *Blanco v. United States*, 775 F.2d 53, 56 (2d Cir. 1985) ("If the [original] order was not final and appealable, orders refusing to reconsider it likewise could not have been.").

Nationwide makes two attempts to distinguish *Barrick*, but neither is availing. First, Nationwide contends that, unlike in *Barrick*, Nationwide "appeals from a highly irregular procedure in which the district court simply closed an action without issuing any decision." Nationwide Br. at 3. To be sure, the district court's denial of Nationwide's motion to compel was effectuated (at least in part) by the closing of the ancillary action. But we fail to see how that materially distinguishes this case from *Barrick*, particularly given that "[t]o test for finality, reviewing courts employ a 'practical rather than a technical' analysis." *Polansky*, 762 F.3d at 163 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). Notably, Nationwide has not provided any explanation of how the

8

district court's actions could be construed as anything other than a denial of Nationwide's motion to compel, and certainly has not provided any explanation for why such an alternative interpretation would transform the district court's orders into final decisions within the meaning of 28 U.S.C. § 1291.

Second, Nationwide contends that the district court's putative denial of Nationwide's request to consolidate the ancillary action with the underlying Omi litigation will make it impossible for Nationwide to appeal from these orders after final judgment is reached in the Omi litigation. But Nationwide mischaracterizes the record. In its January 18, 2022 order, the district court denied Nationwide's motion to vacate the order closing the ancillary action and transfer the action to the magistrate judge assigned the Omi litigation. The district court never ruled on a motion to *consolidate* the two actions. Moreover, we see no reason why the lack of consolidation at the district-court level is a barrier to appealing the district court's orders in the ancillary action once final judgment is reached in the underlying litigation, as contemplated by *Barrick*. *See Hooker v. Continental Life Ins. Co.*, 965 F.2d 903, 905 (10th Cir. 1992) (adopting the *Barrick* rule and explaining that, upon final judgment in the underlying action, notices of appeal may be filed in the district of the underlying action *and* the district of the ancillary action,

9

whereupon the parties may then move to consolidate the appeals under Federal Rule of Appellate Procedure 3(b)).

We have considered all of Nationwide's remaining arguments regarding jurisdiction and find them to be meritless. Accordingly, we **DISMISS** the appeal.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Because we dismiss for lack of jurisdiction, we do not reach the merits of whether the district court abused its discretion to the extent it denied Nationwide's motion in its January 11, 2022 and January 18, 2022 orders. *See In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008) (reviewing discovery rulings for abuse of discretion); *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (same).