24-3257-cv
*Bradley v. Charles*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION SUMMARY ORDER). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

Earl Bradley,

> *Plaintiff-Appellant,*

v.                                                                          24-3257

Sandra Charles, APRN, Doe, Defendant; 1;
on−call provider; Doe, Defendant; 2;
Physician of record under whose License
APRN Charles worked 05/10/21 upon
information and belief Byron Kennedy,
Byron Kennedy, M.D., Vincent Santavenere,
CHNP; Nursing Supervisor,

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                    Earl Bradley, pro se,
                                            Cheshire, CT.

FOR DEFENDANT-APPELLEE VINCENT              Lisamaria T. Proscino,
SANTAVENERE:                                Assistant Attorney
                                            General, *for* William Tong,
                                            Attorney General of the
                                            State of Connecticut,
                                            Hartford, CT.

FOR DEFENDANT-APPELLEE SANDRA                No appearance.
CHARLES:

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Earl Bradley, proceeding pro se, appeals the district court's summary judgment in favor of Defendants Sandra Charles and Vincent Santavenere with respect to his 42 U.S.C. § 1983 claims. Bradley commenced this § 1983 action against several prison medical professionals, alleging that they had violated his constitutional rights by deliberately

2

failing to attend to his medical needs after he allegedly suffered a stroke in 2021. The district court screened the complaint under 28 U.S.C. § 1915A(a), *sua sponte* dismissing some claims and permitting two others to proceed. The district court ordered that "[t]his matter shall proceed on claims of Eighth Amendment deliberate indifference and state law recklessness against APRN Sandra Charles and Nursing Supervisor Vincent Santavenere." D. Conn. 23-cv-980, doc. 10 (Text Or.).

Charles and Santavenere each moved for summary judgment, arguing that Bradley had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), that his Eighth Amendment deliberate indifference claims failed as a matter of law, and that they were alternatively entitled to qualified immunity. However, neither defendant moved for summary judgment on the state law recklessness claims. The district court granted both summary judgment motions, reasoning that Bradley failed to exhaust his administrative remedies as required by the PLRA and that Bradley could not prevail on the merits of his Eighth Amendment claims against Santavenere. The district court dismissed Bradley's § 1983 claims with prejudice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We lack appellate jurisdiction over this appeal. Although the parties have not

3

raised the issue, we have an independent obligation to consider our jurisdiction. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). We have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291; *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 35 (2d Cir. 2014) (per curiam). "A final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the [district] court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008).

Here, the district court entered a decision granting the remaining defendants' summary judgment motions, stating that Bradley's "claims brought pursuant to 42 U.S.C. § 1983 are dismissed with prejudice." D. Conn. 23-cv-980, doc. 94 (Or.) at 24. However, neither the defendants' summary judgment motions nor the district court's summary judgment decision addressed Bradley's state law recklessness claims. When screening Bradley's complaint, the district court ordered that Bradley's "state law recklessness" claims against Charles and Santavenere would proceed. D. Conn. 23-cv-980, doc. 10 (Text Or.) Because the district court never resolved those claims, the district court has not yet entered a final order. *See Petrello*, 533 F.3d at 113.

Although the district court entered judgment, the entry of judgment did not render the summary judgment decision final. Even when the district court states that judgment

4

is entered, "[a]ppealability turns on what has been ordered, not on how it has been described." *Henrietta D. v. Giuliani*, 246 F.3d 176, 181 (2d Cir. 2001) (citation omitted). Therefore, a "district court's directive to 'close the case' and its subsequent entry of a separate 'judgment' does not alter the conclusion that the . . . order is not final." *Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102, 111 (2d Cir. 2014) (per curiam).

Nor is this a case where this Court may consider judgment to be final "if it is clear that the court so intended it." *Vona v. County of Niagara*, 119 F.3d 201, 206 (2d Cir. 1997). "The intent of the district court judge is relevant for purposes of § 1291 when the court's rulings reveal that the action *could be final* and it therefore matters whether the trial judge contemplated further proceedings." *Henrietta D.*, 246 F.3d at 181. Here, the summary judgment decision could not be final because the pending state law recklessness claims have not been resolved yet.

In sum, when "the most plausible reading of the district court's order" is that it "committed a simple, understandable mistake by overlooking" claims, the order is not final. *United States ex rel. Polansky v. Pfizer, Inc.*, 762 F.3d 160, 163 (2d Cir. 2014). Here, the district court granted the summary judgment motions after concluding that Bradley failed to satisfy the PLRA's administrative exhaustion requirement and that he could not prevail on the merits of his Eighth Amendment claims against Santavenere. The district

5

court dismissed Bradley's § 1983 claims with prejudice, but did not address the state law recklessness claims, which remain pending. In these circumstances, the most plausible reading of the district court's summary judgment decision and subsequent entry of judgment was that the district court overlooked Bradley's state law claims of recklessness. Accordingly, the district court has yet to issue a final decision, and this Court lacks appellate jurisdiction. *See Polansky*, 762 F.3d at 163.

Accordingly, we **DISMISS** the appeal for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6